In The

Court of Appeals

For the

First District of Texas

_________________

 

NO. 01-03-00809-CV 

_________________



IN RE JIM GAWERC, Relator



 



Original Proceeding on Petition for Writ of Habeas Corpus

 



MEMORANDUM OPINION

 Relator, Jim Gawerc, asserts that he is illegally restrained and petitions the
Court to grant him habeas corpus relief. We deny the petition.

Background

 On July 20, 2001, as the culmination of a suit to modify the parent-child
relationship, the trial court signed an order that ordered relator to pay to real party in
interest, Ingrid Philipson, retroactive child support of $750, payable in three
installments of $200 per month and a final installment of $150. Additionally, the trial
court ordered relator to post a $50,000 bond to secure his prompt payment of his child
support obligation.

 On February 3, 2003, the trial court heard a motion for enforcement brought
by Philipson, and, by order signed February 18, 2003, found relator in contempt for
not paying each installment of the retroactive child support as scheduled and for not
posting the $50,000 bond. Additionally, the trial court found that attorney's fees and
costs in the amount of $2,400 should be assessed against relator. The trial court
assessed criminal, punitive contempt sentences of 180-days confinement for each of
the four missed retroactive child support installments and for the failure to post the
$50,000 bond. These five 180-day sentences were to run concurrently. The trial
court also assessed civil, coercive contempt measures against relator for each of these
acts of contempt, as well as to enforce the payment of the $2,400 attorney's fees and
costs.

 However, in the same February 18, 2003 contempt order, the trial court
suspended relator's commitment, provided that by March 10, 2003, he (1) paid the
$750 retroactive child support to Philipson, (2) posted the $50,000 bond as ordered
in the July 20, 2001 trial court order, and (3) paid the $2,400 to Philipson's attorney.

 On August 4, 2003, the trial court revoked the suspension of relator's
commitment, finding that he had failed to comply with the terms and conditions of
the February 18, 2003 order suspending commitment by not posting the $50,000 bond
and not paying the $2,400 of attorney's fees and court costs. In Philipson's response
to relator's petition, she stipulated that relator met the first condition of suspension
of commitment of paying the $750 retroactive child support. The trial court
committed relator to confinement of 180 days each, to be served concurrently, for not
posting the bond and not paying the $2,400, and from day to day thereafter until the
bond was posted and the $2,400 was paid.

Analysis

 Relator asserts that the order to post a bond to secure child support contained
in the July 20, 2001 modification order is void because the trial court was without
authority to issue it. He contends that he is wrongfully incarcerated for not obeying
this void provision. This, however, overlooks the fact that in the February 18, 2003
contempt order, the trial court not only held relator in contempt and sentenced him
to 180-days confinement for not posting the bond, but also for not paying each of the
four installments of retroactive child support. That relator later apparently paid the
$750 to Philipson would not nullify the trial court's four 180-day sentences for those
violations. See Cadle Co. v. Lobinger, 50 S.W.3d 662, 667 (Tex. App.--Fort Worth 
2001, pet. denied) ("In criminal contempt proceedings, the court punishes the
contemnor for improper past acts, and no subsequent voluntary compliance can
enable the contemnor to avoid punishment."). Relator does not challenge the
retroactive child support order of the modification order. Therefore, even if we were
to hold the bond provision of the modification order to be void, it would not help
relator because it is undisputed that he violated that part of the modification order
ordering retroactive child support payments and that it is valid.

Conclusion

 We deny relator's petition for habeas corpus relief and remand him to the
custody of the Sheriff.



 Sam Nuchia

 Justice



Panel consists of Justices Hedges, Nuchia, and Higely.